IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Clyde Green, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:07-1653-MBS-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Sumter County, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The pro se Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Plaintiff, who at the time this action was filed was an inmate at the Sumter County Detention Center, alleges violations of his constitutional rights by the named Defendants. The Defendants filed motions for summary judgment on October 17, 2007 and December 20, 2007, pursuant to Rule 56, Fed.R.Civ.P.. As the Plaintiff is proceeding pro se, Roseboro orders were entered by the Court on October 18, 2007 and December 21, 2007, respectively, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. See also Order filed November 20, 2007 (Court Docket No. 50). Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. However, despite this extension and explanation, the Plaintiff elected not to respond to these motions.

As the Plaintiff is proceeding pro se, the court filed a second order on March 6, 2008, giving the Plaintiff an additional ten (10) days in which to file his response to the Defendants'

1

motions for summary judgment. The Plaintiff was specifically advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. The Plaintiff still did not respond, and has therefore failed to indicate that he wishes to proceed with this case or to prosecute this matter in any way.

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
March 25, 2008

2

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



3