IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Clyde Green, ) | |
| ) | C/A No. 0:07-1653-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Sumter County c/o William Noonan; ) | |
| Lee County c/o Jimmy Lacoste; Simon ) | **O R D E R** |
| Major, Director SLRDC; Dr. Bush, Medical ) | |
| Director; Southern Health Partners, ) | |
| c/o Phil Mack; Jackie Richards; and ) | |
| Sammy Rembert, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff Samuel Clyde Green was housed at the Sumter Lee Regional Detention Center in Sumter, South Carolina. Plaintiff, proceeding pro se, filed a complaint on June 14, 2007. The complaint also was signed by numerous other detainees, and alleged that their constitutional rights had been violated in various respects. Plaintiff filed an amended complaint on his own behalf on July 10, 2007. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

This matter is before the court on motion for summary judgment filed by Defendants Richards, Bush, and Southern Health Partners on October 17, 2007. On October 18, 2007, the Magistrate Judge issued an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Also before the court is a motion for summary judgment filed by Defendants Sumter County, Rembert, and Major on December 20, 2007. The Magistrate Judge issued a second

Roseboro order on December 21, 2007. Also before the court is a motion for summary judgment filed by Defendant Lee County on February 18, 2008. The Magistrate Judge did not issue a third Roseboro order. Rather, by order filed March 6, 2008, the Magistrate Judge directed Plaintiff to advise the court as to whether he wished to continue to pursue his case. Plaintiff was advised that, if he failed to respond, his case would be subject to dismissal pursuant to Fed. R. Civ. P. 41(b).

Plaintiff filed no response to any motion for summary judgment. Plaintiff also filed no response to the March 6, 2008 order. Accordingly, on March 25, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be dismissed pursuant to Rule 41(b) for failure to prosecute. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed with prejudice pursuant to Rule 41(b) for failure to

prosecute.

    **IT IS SO ORDERED**.

                                             /s/ Margaret B. Seymour
                                             United States District Judge

Columbia, South Carolina

April 17, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**